## B. S. WOOD AND ANOTHER v. V. S. STIRMAN.

1. The act of 1856, as amended by the act of 1866, prescribing the occupation tax of liquor dealers, was superseded by the act of August 15th, 1870, and was expressly repealed by the act of April 22d, 1871; and these latter acts were the only laws in force in October, 1871, and January, 1872, relative to the occupation tax for retailing spirituous liquors.

2. The act of 1866, amendatory of the act of 1856, relative to the occupation tax for retailing spirituous liquors, prescribed as a condition precedent to the issuance of the license that a bond with certain conditions should be executed to the county judge. The Constitution of 1869 abolished the office of county judge, and thereby abrogated the act of 1866 in this respect.

3. When a county treasurer collects taxes without authority of law, he alone is responsible therefor; and an action cannot be maintained either against his sureties or the county for the money so collected, even though the money be paid into the county treasury and disbursed as other funds of the county.

APPEAL from Kaufman. Tried below before the Hon. John G. Scott.

This suit was commenced by the appellants in the District Court of Kaufman county, against the appellee, who was county treasurer of Kaufman county, to recover one hundred

and fifty dollars, collected of them by the defendant, as occupation tax imposed by the act of 1866, amendatory of the act of 1856, prescribing an occupation tax for the sale of liquor in quantities less than a quart. Plaintiffs' petition described the defendant as the treasurer of Kaufman county, and claimed that the law under which he claimed and collected of them the one hundred and fifty dollars as occupation tax, had been repealed by the acts of August 15th, 1870, and April 22d, 1871, and that defendant promised to return to them the money so collected, if he found that the law under which he claimed to act had been repealed.

Defendant excepted to plaintiffs' petition, because he was sued in his official capacity, and no reference made to his official bond; and because he was sued in his official capacity as agent for the county, and no reason given why the suit was not instituted against the county; and because the petition did not charge a breach of his official bond.

The court below sustained the defendant's exceptions to the plaintiff's petition, and plaintiffs refused to amend; whereupon judgment was rendered in favor of the defendant, and plaintiffs appealed.

*J. J. Hill,* for appellants. The point raised in the pleadings of the appellants is this, that the appellee, assuming to act in the capacity of treasurer, had illegally demanded and collected the moneys sued for. If the view taken by the appellants is correct, that the act of February 2, 1856, as amended by the act of October 27th, 1866, is not in force, the appellee acted without any authority whatever, and he is not responsible on his official bond, no more than if he, in his capacity of treasurer, had assumed the authority to collect the State taxes of Kaufman county. Nor is Kaufman county in any manner responsible for his misconduct. (See Shearman & Redfield on Negligence, page 177.) "A municipal corporation is not "responsible for the illegal and wrongful acts of its officers, "done *colore officii,* notwithstanding they were done by its

" specific directions, or were afterwards ratified by it." (Idem. See also Brown *v.* Utica, 2 Barb., 104; Harvey *v.* Rochester, 35 Barb., 177; Dalafield *v.* Illinois, 26 Wend., 192; 2 Hill, 159; 19 Pick., 511; 15 N.Y., 512; 12 La. An., 15; 15 Ohio, 474.

I have already adverted to the fact, that the act of 1870 prescribes entirely a different routine to that of the act of 1856, to be followed by retail liquor dealers. I might have added, that from the very nature of things, it is impossible for the retail liquor dealer of the present time to comply with the old law. In the first place, there is no " judge of the County " Court " to grant the license. In the second place, I maintain that there is no legally constituted office of county treasurer known to the laws of the State of Texas. The fact that I have sued the appellee as " county treasurer," does not militate against this view, because such description may be treated as mere *descriptio personæ*.

It is a well-established principle of our government that all power, legislative, judicial, and executive, must have its foundation in the organic law which called the State into existence. The Legislature can no more create an office not provided for in the Constitution than it can create a new co-ordinate branch of government. And even if it could, the twelfth Legislature of the State of Texas made no attempt to create the office of county treasurer. There is no provision in our present Constitution for the office of county treasurer, nor in the statutes of the Legislature called into existence by that Constitution. The act entitled " An Act to provide for the appointment by " the Governor of certain officers to fill vacancies," approved June 28, 1870 (General Laws, p. 17), makes it the duty of the Governor to appoint for each county in this State, one county treasurer. The Legislature assumes that there was such an office as county treasurer to be filled, when, in fact, under our new organic law, there was no such office. Under the statute above referred to, it was perhaps proper for the Governor to make the appointments, as it was not his province to pass upon the constitutionality of an act of the Legislature. But the mat-

ter is different when presented to the judiciary. And though the consequences of sustaining the view taken by me may be serious, yet, when the Constitution is violated, or there is no warrant in it, or in the legislation under it, authorizing the power assumed or the act done, no argument of inconvenience has any weight. (6 Indiana Rep., 84; Idem, 501.)

No brief for the appellee has reached the hands of the reporter.

OGDEN, J. The only question presented in this record which requires particular notice, is in regard to the force and effect of the statute, approved August 15th, 1870, styled an act to levy taxes, and also an act to give effect to the several provisions of the Constitution concerning taxes, and whether these two acts, either directly or by implication, repeal the act of 1856 as amended in 1866, authorizing the County Courts to grant licenses for the retail of spirituous, vinous, and other intoxicating liquors. The act of 1856, as amended in 1866, provides for the assessment of a specific tax upon the occupation of liquor dealers, and a particular manner for obtaining a license therefor, which is wholly inapplicable to the present organization of the county authorities, and impossible of observance. That act provides that, as a pre-requisite to obtaining a license, a bond shall be executed to the county judge, and that suits for the breach of the conditions of the bond shall be brought in the name of the county judge—whereas there is now no such office known to our law.

Under that law no license could now possibly be obtained, and, as it has become impossible to observe or execute, it can no longer have any force or validity, and, had no other law been passed in regard to the subject-matter, yet the law of 1856, as amended in 1866, could not now be enforced. But that law was emphatically a revenue law, and imposed a specific occupation tax, which was intended to remain in force only until amended, or another passed, in relation to the same subject-

matter. In 1870 another law was passed, intended to be applicable to the new organization of the counties under the present Constitution, and to cover in all respects the same subject-matter as the law of 1856 and 1866. This law was, therefore, intended to supersede and did supersede, the former law, which would be repealed by implication, without any express repealing clause. (Sedgwick on Statutory and Con. Law, 124.) But we are relieved from a resort to this rule of construction, by the 32d Section of the act of 22d of April, 1871, which expressly repeals all laws in conflict therewith. This act is in harmony with the act of August, 1870, passed by the same Legislature, and they together must be considered as containing all the law in force at the time of the collection of the tax complained of, in regard to the license tax for retailing spirituous liquors.

Appellants claim to have paid their taxes as required by the law of 1870 and 1871, and are, therefore, not liable to pay the tax levied by the law of 1856 and 1866. Whether they have paid the occupation tax, as provided for in the act of 1870, or not, need not be inquired into in this case, as there certainly is no authority to make them pay the tax levied by the repealed law of 1856 and 1866.

This view of the law in force in October, 1871, and January, 1872, when the appellee is charged with having collected the tax complained of, must dispose of defendant's demurrers to the original and amended petition, and also of the judgment of the District Court on the same. If the appellee collected taxes without authority of law, he alone is responsible for that illegal act, and neither his securities nor the county are responsible to appellants for the money so collected, notwithstanding he may have paid the same into the county treasury, to be disbursed as other funds of the county. The suit was correctly brought against the appellee in his individual capacity, and though he be described as treasurer, that may be regarded as a mere *descriptio personæ* which neither confers upon him any rights in this case nor protects him from any responsibility.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.